THE STATE v. ORWIG *et ux.*

1. Practice: BILL OF EXCEPTIONS. Bills of exceptions must be settled
and filed during the term, in the absence of any order or agreement
to the contrary.

2. Action of right: PARTIES : TENANT. While, under section 3571 of
the Revision, the landlord may be substituted in an action of right,
when it appears that the defendant is only a tenant, such substitu-
tion is not imperatively required, and the action may proceed against
the tenant alone. But in that case, it seems, the landlord would not
be bound unless he had been notified of the action.

*Appeal from Jasper District Court.*

FRIDAY, MARCH 29.

ORDINARY action for the recovery of real property —
certain premises in the city of Des Moines. The defend-
ant R. G. Orwig denies plaintiff's ownership, and avers
that he is in possession as tenant of one Samuel Orwig of
Union county, Penn. The defendant M. S. Orwig also
denies plaintiff's ownership and claim, and avers that she
is the wife of her co-defendant, R. G. Orwig, and resides
on said premises with him as the head of the family ; that
the said premises were purchased by them; that she has
never parted with her interest, and claims a homestead
therein both as owner and wife of her co-defendant. The
cause was tried to the court, without a jury, and judgment
was rendered for plaintiff. The defendants appeal.

*Phillips & Phillips* and *R. G. Orwig* for the appellants.

*H. O'Connor*, attorney-general, for the State.

COLE, J. — This action was originally brought on the 4th of February, 1870, in the district court of Polk county. The issues were completed on the 3d of March, 1870, and, on the twenty-second day of the same month, the defendants obtained an order for a change of venue to Jasper county. At the March term, 1871, of the Jasper district court, and on the fifth day of the term, the cause came on for trial before the court, without a jury, both parties consenting thereto. The court did not announce its decision until the eleventh day of the term (it being April 7, 1871,) and adjourned for the term on the same day. The order of the court for judgment was orally stated in court, and was also made upon a sheet of paper and was signed by the judge and left with the clerk; but was not entered of record until about two weeks after the adjournment of the court for the term. The next regular term of that court was on the 28th day of November, 1871.

In vacation, and on the 5th day of July, 1871, the defendants filed in the clerk's office of the Jasper district court, their motion for a *nunc pro tunc* order to amend the record entry of judgment, by adding that each of said defendants severally excepted to the findings of the court and the judgment, and also for leave to settle and file now for them their bill of exceptions. This motion was based upon an affidavit filed with it, setting up the facts above stated, and also that exceptions were in fact taken; that the defendants had been informed by the officers of the court that the court would not adjourn until the 8th of April; that the adjournment on the seventh was unexpected and was a surprise upon defendants and their counsel, who were absent from court at the time, and engaged in preparing

their bill of exceptions; that they were prevented from presenting it to the court, by reason of the early adjournment; that the judgment record has not yet been signed or read. After filing this motion, the defendants perfected their appeal to the supreme court. These constitute the facts embraced in the first appeal.

Afterward, on the 29th day of November, 1871, it being the second day of the November term, the motion above set out was called up for hearing, and the court sustained the same, so far as to add to the record that the defendants at the time duly excepted to the findings and judgment; and to make the same state the precise day on which the trial was had and judgment announced. But the court refused to allow defendants to present and have settled their bill of exceptions, embodying the proceedings in the cause at the preceding March term. The court, however, did settle and sign a bill of exceptions, showing the foregoing facts. The defendants then perfected their appeal from this ruling to the supreme court. These are the facts embraced in the second appeal.

But a single question is presented for our decision by the second appeal, and that is, was the application to settle and sign the bill of exceptions made in due time? We have no rule but the statute for determining this question; by it we are bound; and although the case may be one of hardship and possible prejudice otherwise irremediable, we cannot enlarge the statute. If the case was within our judicial discretion, we confess that we cannot find such negligence or want of attention on the part of the defendants as would justify us in refusing to order the bill of exceptions to be settled and signed. But the statute is imperative, and excludes such discretionary power. "The party objecting to the decision must object at the time the decision is made, and at once present his bill of exceptions; but unless the court or adverse party object, he may have time to do so, not extending beyond the term." Rev.,

§§ 3106–3110. The decision was made at the March term. The subsequent verbal alteration of the order or judgment was not a new or different decision or order, but it was just the case provided for by Revision, §§ 2665, 2666, where it was not practicable to have the record prepared during the term, and the court had the same "read, corrected and approved at the succeeding term; and in such case it is expressly provided that it is as much a judgment " as though the record had been approved and signed" at the time it was announced. Of course, if at the term a motion for a new trial, to modify the judgment, or for leave to show cause against it, or other like motion had been made and the case continued, the rule might be different.

One question is also fairly made upon the record, as we have it, in the first appeal, and that is, whether it was not 2. ACTION OF the duty of the plaintiff, when the defendant's RIGHT: parties: tenant. answer disclosed the name and residence of his landlord, to cause him to be made a party defendant? The question arises upon Revision, section 3573. " The answer of the defendant, and of each, if more than one, must set forth what part of the land he claims, and what interest he claims therein, generally, and without the facts constituting the right, and, if as mere tenant, the name and residence of his landloid, and need state nothing more than this." The effect of this section is to relieve a defendant from the necessity of stating at length his chain of title or the like. But it is provided by section 3571 that whenever it appears that the defendant is only a tenant, the landlord *may* be substituted; it does not require that he shall be. If he is substituted, or has been notified of the action, he is bound by the judgment. Section 3589. But otherwise, if he is not. Section 3590. We see no escape from the conclusion that the judgment and order appealed from must be

Affirmed.